UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID HALL CRUM,

  *Petitioner*,

 v.

UNITED STATES,

  *Respondent*.

Civil Action No. 1:20-cv-01351 (UNA)

## MEMORANDUM OPINION

 Petitioner pleaded guilty to one count of attempted second-degree sex abuse. *See* Pet. at 4; *see id*. at A-4 n.5 (page numbers designated by Petitioner). He is serving a 36-month term of imprisonment, which the Superior Court of the District of Columbia imposed on October 15, 2019. *See id.* He challenges the imposition of a 10-year term of supervised release following his release from custody and the requirement that he register as a sex offender for 10 years. *See id.* at 4–5. He asks this Court to hold a hearing on the "enhancement" to his sentence. *See id*. at 5–6. By "enhancement," the Court presumes that Petitioner is referring to the imposition of a 10-year term of supervised release pursuant to D.C. Code § 24-403.01(b)(4).

 D.C. Code § 23-110 in relevant part provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). This petitioner has no recourse in federal court "if it appears that [he] has failed to make a motion for relief under this section or that the Superior Court has denied him

relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986).  Petitioner does not show that he has availed himself of a remedy under D.C. Code § 23-110, nor does he demonstrate that this his remedy under District of Columbia law is inadequate or ineffective.

To the extent Petitioner demands his immediate release from custody, this Court still cannot grant such relief.  A habeas corpus action is subject to jurisdictional and statutory limitations.  *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973).  The proper respondent in a habeas corpus action is Petitioner's custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), and this "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).  Petitioner is currently designated to the Federal Correctional Institution in Beckley, West Virginia, and this Court lacks jurisdiction over its Warden.

For these reasons, the Court will deny the petition for a writ of habeas corpus.  An Order will be issued contemporaneously with this Memorandum Opinion.

DATE:  May 27, 2020

_____
CARL J. NICHOLS
United States District Judge